RECEIVED
JUL 27 2015
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| MARCELLA RAMSEY, | ) |
| | ) Civil Action No. |
| Plaintiff, | ) |
| v. | ) JURY TRIAL DEMANDED |
| | ) |
| GENERAL MOTORS FINANCIAL | ) |
| COMPANY, INC. d/b/a GM FINANCIAL, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

MARCELLA RAMSEY ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against GENERAL MOTORS FINANCIAL COMPANY, INC. d/b/a GM FINANCIAL ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

4. Plaintiff is a natural person, who resides in Antioch, Tennessee.

5. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

6. Defendant is a corporation with its headquarters located 801 Cherry Street, Ste. 3500, Fort Worth, Texas 76102.

7. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9. Plaintiff has a cellular telephone number that she has had for over a year.

10. Plaintiff has only used this number as a cellular telephone number.

11. The phone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

12. Beginning in or around October 2014, Defendant called Plaintiff on her cellular telephone on a repetitive and continuous basis.

13. During the relevant period, Defendant called Plaintiff on her cellular telephone multiple times each week.

14. When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and automated and/or pre-recorded messages.

15. Plaintiff often would answer a call to be greeted with an automated recording or receive voice messages from an automated voice.

16. Defendant's telephone calls were not made for "emergency purposes."

17. In November 2014, Plaintiff spoke with Defendant and advised that she had lost

her job, could not make payments, and to stop calling.

18. Despite Plaintiff's clear revocation of consent to call her cellular phone, Defendant persisted in calling Plaintiff on her cellular telephone through July 2015.

**DEFENDANT VIOLATED THE
TELEPHONE CONSUMER PROTECTION ACT**

19. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

20. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

21. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

22. Defendant's calls to Plaintiff were not made for emergency purposes.

23. Defendant's calls to Plaintiff were not made with Plaintiff's prior express consent as she revoked any prior consent in November 2014.

24. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

25. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

26. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

3

PLAINTIFF'S COMPLAINT

WHEREFORE, Plaintiff, MARCELLA RAMSEY, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

    b.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

    c.    Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d.    Injunctive relief pursuant to 47 U.S.C. §227(b)(3); and

    e.    Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, MARCELLA RAMSEY, demands a jury trial in this case.

Respectfully submitted;

DATED: July 23, 2015

By: /s/ Amy Lynn Bennecoff Ginsburg
Amy Lynn Bennecoff Ginsburg
BPR # 28563
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: aginsburg@creditlaw.com