IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARCELLA RAMSEY | ) |
| | ) |
| v. | ) NO. 3-15-0827 |
| | ) JUDGE CAMPBELL |
| GENERAL MOTORS FINANCIAL | ) |
| CO., INC. d/b/a GM FINANCIAL | ) |

MEMORANDUM

Pending before the Court is Plaintiff's Motion to Dismiss Defendant's Counterclaim (Docket No. 13). For the reasons stated herein, the Motion is GRANTED.

FACTS

This case arises from Defendant's alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*. Plaintiff contends that from October of 2014 through July of 2015, Defendant, through an automatic telephone dialing system and automated and/or pre-recorded messages, called her on her cellular phone on a repetitive and continuous basis, multiple times each week, in violation of the TCPA. She seeks statutory damages, treble damages, and injunctive relief under the TCPA

Defendant has filed a Counter-Complaint, alleging that Plaintiff breached her contractual obligations under the Retail Installment Sale Contract ("Contract") she entered into with Defendant by failing to make payments when due. Defendant seeks a judgment against Plaintiff for $9,902.32, which represents the deficiency balance owed on the Contract.

Plaintiff argues that the Counter-Complaint should be dismissed for lack of subject matter jurisdiction. She contends that the state law counterclaim does not fall within this Court's

supplemental jurisdiction because it does not share a "common nucleus of operative facts" or arise from the "same case or controversy" as her TCPA claim.

SUPPLEMENTAL JURISDICTION

In any civil action of which the district courts have original jurisdiction, the district courts have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the U.S. Constitution. 28 U.S.C. § 1367(a).[1] The Sixth Circuit has held that claims form part of the same case or controversy when they derive from a common nucleus of operative facts. *Blakely v. United States*, 276 F.3d 853, 861 (6th Cir. 2002).

Defendant argues that this Court has supplemental jurisdiction over the counterclaim because the allegedly illegal phone calls of Plaintiff's federal claim arose from Plaintiff's contractual relationship with Defendant under the Contract which forms the basis of Defendant's state law claim.[2]

Plaintiff contends that the facts that are relevant to her TCPA claim are separate and distinct from the facts that bear upon Defendant's contract claim. The success of her TCPA claim, Plaintiff argues, does not depend upon whether Plaintiff breached the Contract with Defendant. Rather, regardless of whether she breached the Contract, Plaintiff will prevail on the TCPA claim if she

---

[1] The Court's analysis of supplemental jurisdiction no longer depends upon the identification of counterclaims as "compulsory" or "permissive." *See, e.g., Pyatt v. Sentek Corp.*, 2014 WL 868233 at * 2 (S.D. Ohio March 5, 2014); *Edwards v. Equitable Acceptance Corp.*, 2015 WL 3607297 at * 4 (N.D. Ohio June 8, 2015).

[2] Defendant's Counter-Complaint alleges that this Court has jurisdiction over the counterclaim under 28 U.S.C. § 1367(a) because it is "permissive." As stated above, the "permissive" characterization is no longer relevant to the jurisdictional analysis.

shows that Defendant violated the statutory provisions of that statute, found at 47 U.S.C. § 227(b)(1).

Similarly, Plaintiff contends that Defendant's state law claim can be resolved without any consideration of whether Defendant violated the TCPA. The determination of whether Plaintiff was in default under the Contract in no way depends upon whether Defendant violated the TCPA in attempting to collect on that debt. *See Salei v. Boardwalk Regency Corp.*, 913 F.Supp. 993, 999 (E.D. Mich. 1996).

Defendant argues that *Edwards v. Equitable Acceptance Corp.* requires a different result. In that case, as here, the plaintiff sued for violations of the TCPA based upon the defendant's attempts to collect a debt. The defendant counter-sued for breach of contract and unjust enrichment, based upon the plaintiff's alleged default. The court in *Edwards* concluded that the counterclaim on the underlying debt formed part of the same case or controversy as the TCPA claim, holding that the common factual connection between the claims was the underlying debt. *Edwards*, 2015 WL3607297 at * 3 (N. D. Ohio June 8, 2015).

Here, the Court finds that Defendant's Counter-complaint does not arise from the same case or controversy as Plaintiff's TCPA claim. Although Plaintiff's claim, from a broad perspective, arose from the underlying debt upon which Defendant sues, a closer look reveals that the operative facts from which Plaintiff's federal claim arose are separate and different from the operative facts from which Defendant's state law claim arose. The proof needed to establish Defendant's violation of the TCPA (*e.g.*, calls made, without express consent, with an automatic telephone dialing system or an artificial or prerecorded voice) is different from the proof needed to establish Plaintiff's breach of the Contract (*e.g.,* existence of a valid contract, default, damages).

The Court finds this case to be more like *Salei*. In *Salei*, the court stated that, although the entire relationship between the parties consisted of the defendant's attempts to collect on the plaintiff's debt, the state and federal claims did not share the same "operative" facts. *Salei*. 913 F.Supp. at 998-99. The facts that were relevant to the plaintiff's Fair Credit Reporting Act claim were completely separate and distinct from the facts which were relevant to the plaintiff's state law claim for breach of a settlement agreement. *Id*. at 999.

As in *Salei*, the Court finds that two separate factual inquiries are required to litigate the federal versus the state claims. Defendant's Counter-Complaint does not arise out of the same case or controversy or the same operative facts as Plaintiff's federal claim.

## CONCLUSION

For these reasons, Plaintiff's Motion to Dismiss Counterclaim (Docket No. 13) is GRANTED, and Defendant's Counterclaim is DISMISSED without prejudice.

IT IS SO ORDERED.

                                             _____
                                             TODD J. CAMPBELL
                                             UNITED STATES DISTRICT JUDGE